**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JOHN WALTER BONN,**

        **Plaintiff,**

    **v.**
                                               **Civil Action 2:23-cv-678**
                                             **Judge Sarah D. Morrison**
                                             **Magistrate Judge Jolson**

**TOSOH AMERICA, INC.,**

        **Defendant.**


## REPORT AND RECOMMENDATION AND DEFICIENCY NOTICE

Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* on February 16, 2023. (Doc. 1).  His accompanying Complaint (Doc. 1-1) is not signed.  Federal Rule of Civil Procedure 11(a) requires that a *pro se* party, like Plaintiff, must personally sign every pleading, written motion, or other paper submitted to the Court.  Plaintiff is **DIRECTED** to file a signed copy of his Complaint by **February 28, 2023**.  Failure to do so may result in a recommendation that this case be dismissed.

Further, the Undersigned has reviewed Plaintiff's Motion (Doc. 1).  The Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, set forth the legal standard applicable to a motion to proceed *in forma pauperis*.  335 U.S. 331 (1948).  An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the court's filing fee without depriving himself the "necessities of life."  *Id*. at 339 (internal quotation marks omitted).  Although the plaintiff need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship.  *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship").  Consequently, unless it is clear that the one-time payment of the court's filing fee will

render the plaintiff unable to provide for himself, the court cannot grant him *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

In his affidavit, Plaintiff attests that he is currently employed by a temporary staffing agency, earning $23 an hour. (Doc. 1 at 2). After three weeks of working with the agency, he had earned $1,450. (*Id.*). Within approximately the past year, Plaintiff has also received unemployment benefits totaling $12,500, and earned $23,000 working for his former employer. Further, he attests that he has $678 in cash on hand or in a savings, checking, or other account. (*Id.* at 2). Plaintiff does have significant obligations relating to his mortgage and car loan, and lesser ones related to other lines of credit. (*Id.*). Yet, given his income, the Undersigned does not find that those obligations are overly onerous.

Based on these representations, it does not appear that paying the one-time filing fee would cause Plaintiff to be deprived the necessities of life. *See Adkins*, 335 U.S. at 339; *see also Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-CV-0667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007) (noting that "*[i]n forma pauperis* status is usually reserved either for indigent prisoners or for persons who subsist on small fixed-income payments such as social security, unemployment compensation, or public assistance and who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee"). Accordingly, it is **RECOMMENDED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) be **DENIED**. If this recommendation is adopted, it is further **RECOMMENDED** that Plaintiff be required to pay the filing fee within **seven (7) days** of adoption.

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date:   February 21, 2023                              /s/ Kimberly A. Jolson
                                                       KIMBERLY A. JOLSON
                                                       UNITED STATES MAGISTRATE JUDGE