UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN WALTER BONN,

      Plaintiff, :

  v.

                          Case No. 2:23-cv-678
                          Judge Sarah D. Morrison
                          Magistrate Judge Kimberly A.
TOSOH AMERICA INC. d/b/a         Jolson
TOSOH SMD INC., :

      Defendant.

## OPINION AND ORDER

John Walter Bonn filed suit against his former employer, Tosoh SMD, Inc.[1] (Compl., ECF No. 3.) Tosoh has moved to dismiss Mr. Bonn's Complaint. (Mot., ECF No. 10.) Mr. Bonn responded (ECF No. 11), and Tosoh filed its reply (ECF No. 12). The Motion is ripe for consideration. Because Mr. Bonn's Complaint fails to allege facts necessary to plausibly state a claim for relief, he is **ORDERED** to file an amended complaint **within fourteen days**. Mr. Bonn is **CAUTIONED** that if he fails to do so, this Court will *sua sponte* dismiss his Complaint with prejudice.

---

[1] Mr. Bonn's Complaint identifies TOSOH America, Inc. dba TOSOH SMD, Inc. In its Motion to Dismiss, Tosoh SMD, Inc. asserts that "Plaintiff was not employed by TOSOH America, Inc., which does not do business as TOSOH SMD, Inc." (Mot., PAGEID # 40.) Instead, "[h]e was employed by Tosoh SMD, Inc., which is the proper defendant." (*Id.*)

I.      BACKGROUND

All well-pleaded factual allegations in a complaint are considered as true for purposes of a motion to dismiss. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016). The following summary draws from Mr. Bonn's Complaint.

Mr. Bonn alleges that, while employed by Tosoh, he was subject to differential treatment and that he was ultimately terminated "for speech and activity protected by the [National Labor Relations Act] and the United States Constitution." (Compl., PAGEID # 22–23.) He further alleges that Tosoh "maintains and enforces vague, overbroad policies that chill and restrict employees in their exercise of protected rights," and that he was terminated "based on those suspicious, hidden policies." (*Id.*, PAGEID # 22.)

Mr. Bonn goes on to describe "harassment" by a co-worker named Mo, which he believes was based on religious animosity. (*Id.*, PAGEID # 23.) Although Mr. Bonn reported Mo to HR and his supervisor, Tosoh did not "directly address[] the problem[.]" (*Id.*) Mr. Bonn also alleges that he was "[s]et up because of his age and gender" and was the subject of "character deformation [*sic*] attacks," presumably related to an investigation into his interactions with "a young lady who worked in the same building as [he] did." (*Id.*, PAGEID # 25–26.) Finally, Mr. Bonn alleges that he was terminated on April 12, 2022, with the following statement: "Because you are who you are, TOSOH doesn't trust you and is letting you go." (*Id.*, PAGEID # 25.)

Mr. Bonn received a right-to-sue letter from the EEOC before filing suit.[2] (See ECF No. 1-2.) As damages for Tosoh's conduct, Mr. Bonn seeks back pay and front pay, and money damages for defamation and emotional pain and suffering. (*Id.*, PAGEID # 28.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must

---

[2] The letter does not indicate the basis for Mr. Bonn's initial charge, which is necessary information to determine that administrative remedies have been exhausted. *See Strouss v. Mich. Dep't of Corr.*, 250 F.3d 336, 342 (6th Cir. 2001) ("[F]ederal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge.").

3

include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In reviewing a motion to dismiss, the Court "construe[s] the complaint in the light most favorable to the plaintiff[.]" *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

These standards apply equally when the plaintiff is *pro se*. Although a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, he still must do more than assert bare legal conclusions, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

### III. ANALYSIS

Tosoh describes Mr. Bonn's Complaint as "freeform." (Mot., PAGEID # 39.) It is true, the Complaint does not conform to any familiar format. But a *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court construes Mr. Bonn's Complaint as alleging claims for (A) defamation, (B) discrimination based on religion, sex, age, and disability, and (C) retaliation.

### A. Mr. Bonn fails to state a claim for defamation.

To state a claim for defamation under Ohio law, an individual must allege:

4

> (1) that a false statement of fact was made, (2) that the statement was defamatory, (3) that the statement was published, (4) that the plaintiff suffered injury as a proximate result of the publication, and (5) that the defendant acted with the requisite degree of fault in publishing the statement.

*Croce v. New York Times Co.*, 930 F.3d 787, 792 (6th Cir. 2019) (quoting *Am. Chem. Soc'y v. Leadscope, Inc.*, 978 N.E.2d 832, 852 (Ohio 2012)).

Tosoh argues that Mr. Bonn's Complaint fails to allege sufficient facts to establish any of the necessary elements of the claim. (Mot., PAGEID # 49–50.) Mr. Bonns does not address Tosoh's argument in his response. (*See* Resp., *generally*.) The Court agrees with Tosoh. The Complaint does not identify the substance of the allegedly false statements made about him; who made them; to whom they were made (if anyone); the efforts taken (or not) to determine their truth; or the effect that they had on Mr. Bonn. Mr. Bonn thus fails to state a claim for defamation.

### B. Mr. Bonn fails to state a claim for discrimination.

Mr. Bonn next alleges that he was subject to discrimination in his employment on several bases (gender and religion, protected under Title VII of the Civil Rights Act of 1964; age, protected under the Age Discrimination in Employment Act ("ADEA"); and disability, protected under the Americans with Disabilities Act ("ADA")) and under two different theories (disparate treatment and hostile work environment harassment).

#### 1. Disparate Treatment

Tosoh points out that, to succeed on a claim for disparate treatment based on indirect evidence, a plaintiff generally must show that (i) he is a member of a protected group, (ii) he was subject to an adverse employment action, (iii) he was

5

qualified for the position, and (iv) he was treated less favorably than similarly-situated employees outside the protected class.³ (Mot., PAGEID # 43–44.) *See also Shivers v. Charter Commc'ns, LLC*, 2022 WL 1912860, at *3 (S.D. Ohio June 3, 2022) (Morrison, J.) (applying same general prima facie test to discrimination claims under Title VII and ADEA) (citations omitted). But this is an evidentiary standard, not a pleading standard. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–11 (2002). Instead, a complaint must contain sufficient factual allegations to support an inference of unlawful discrimination, but it need not establish each element of the *prima facie* case. *See Masaebi v. Arby's Corp.*, Case No. 2:19-cv-5271, 2020 WL 1275724, at *3–4 (S.D. Ohio Mar. 17, 2020) (Sargus, J.).

With respect to the facts that might support such an inference, Mr. Bonn's Complaint is vague and conclusory. For example, he fails to allege which protected group(s) he belongs to, or that he has a real or perceived disability. He also fails to allege facts supporting his conclusion that he was subject to "differential treatment." (Compl., PAGEID # 23.) Differential as compared to whom? And what relatively-favorable treatment did those other employees receive? In short, the Complaint fails to state a claim for discrimination on the basis of gender, age, or disability.

---

³ The *prima facie* showing is slightly different for disparate treatment based on disability. In such claims, a plaintiff must show that (i) he has a disability, (ii) he is otherwise qualified for the position, with or without reasonable accommodation, (iii) he suffered an adverse employment decision, (iv) his employer knew or had reason to know of the disability; and (v) he was replaced or his position remained open. *Williams v. AT&T Mobility Servs. LLC*, 847 F.3d 384, 395 (6th Cir. 2017).

### 2. Hostile Work Environment / Harassment

As to religious discrimination, the Court interprets Mr. Bonn's Complaint as alleging a claim based on a hostile work environment harassment theory. To succeed on such a claim, a plaintiff must establish that (i) he is a member of a protected class, (ii) he was subjected to unwelcome harassment, (iii) the harassment was based on his protected class, (iv) the harassment unreasonably interfered with his work performance and created a working environment that was intimidating, hostile, or offensive, and (v) a basis for employer liability exists. *Fleenor v. Hewitt Soap Co.*, 81 F.3d 48, 49 (6th Cir. 1996), *cert. denied*, 519 U.S. 863 (1996).

Mr. Bonn has failed to state a hostile work environment claim for the same reason discussed above: the factual allegations are simply insufficient to state a plausible claim for relief. For example, what religion is Mr. Bonn? What religion is Mo? Why did Mr. Bonn conclude that Mo's misconduct was motivated by religious animus? And why should Tosoh be held liable for Mo's misconduct? Without these or similar facts alleged, the Court must conclude that Mr. Bonn fails to state a claim.

### C. Mr. Bonn fails to state a claim for retaliation.

Finally, to succeed on a claim for retaliation, a plaintiff must demonstrate that (i) he engaged in protected activity, (ii) the defendant knew of the protected conduct, (iii) the defendant took adverse action against the plaintiff, and (iv) there is a causal connection between the protected activity and the employment action.[4]

---

[4] The Court does not read Mr. Bonn's Complaint as asserting a retaliation claim under the ADA.

*Fox v. Eagle Distrib. Co., Inc.*, 510 F.3d 587, 591 (6th Cir. 2007) (establishing the elements of the claim and explaining that the anti-retaliation provisions of Title VII and ADEA are "similar in relevant respects").

The Complaint does not allege sufficient facts for the Court to reasonably infer that Tosoh retaliated against Mr. Bonn. Among other things, the Court cannot determine that he engaged in legally protected activity. The only possible protected conduct alleged is Mr. Bonn's complaints to HR about Mo—but the fact of a complaint is the full extent of what is alleged. Without more, the Court cannot even infer that the complaint is of a type protected by federal law. *See, e.g., id.*, at 591–92 (explaining that conduct is protected only when it "amount[s] to opposition to an unlawful employment practice").

The Complaint fails to state a claim for retaliation.

## IV. CONCLUSION

Plaintiffs facing a challenge under Rule 12(b)(6) are generally afforded an opportunity to amend their complaint before the motion is ruled upon, or when the motion succeeds. *Neitzke v. Williams*, 490 U.S. 319, 329 (1989); *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011) (citation omitted); *see also* Fed. R. Civ. P. 15(a). While granting leave to amend is within a reviewing court's discretion, courts should bear in mind that "[t]he rights of *pro se* litigants require careful protection where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits." *Brown*, 415 at 616 (quoting *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984)). Here, Mr. Bonn asserts "there will be no need to

8

amend the complaint." (ECF No. 13, PAGEID # 64.) But he also suggested that this case was filed just in time to preserve his claims. (See ECF No. 1-1, PAGEID # 4; ECF No. 1-2.) Accordingly, Mr. Bonn may wish to revisit his position on amending his Complaint after reviewing the Court's analysis above.

If Mr. Bonn would like to amend his complaint to include the factual allegations necessary to sustain a claim, he is **ORDERED** to do so **within fourteen days** of the date of this Order. Mr. Bonn is **CAUTIONED** that if he chooses not to file an amended complaint within the specified time period, the Court will *sua sponte* reconsider this Opinion and Order and dismiss Mr. Bonn's case with prejudice for failure to state a claim.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**