# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JOHN WALTER BONN,**

       **Plaintiff,**    :

  v.                                  **Case No. 2:23-cv-678**
                                      **Judge Sarah D. Morrison**
                                      **Magistrate Judge Kimberly A.**
**TOSOH AMERICA INC. d/b/a**                  **Jolson**
**TOSOH SMD INC.,**                :

       **Defendant.**

## OPINION AND ORDER

John Walter Bonn first filed his complaint on February 16, 2023. (ECF No. 1-1.) Soon thereafter, Tosoh SMD, Inc. moved to dismiss. (ECF No. 10.) In and October11, 2023 Opinion and Order, the Court concluded that Mr. Bonn failed to allege facts stating a plausible claim for relief. (Oct. 11 Order, ECF No. 14.) Instead of dismissing the case outright, the Court granted Mr. Bonn fourteen days to amend his complaint. (*Id.*) When an amended complaint was not filed by the deadline, the Court granted Tosoh's motion to dismiss. (ECF No. 15.) Shortly after the Court's dismissal, Mr. Bonn did file an Amended Complaint. (Am. Compl., ECF No. 17.) Because it prefers to decide cases on the merits, the Court accepted the late-filed pleading and re-opened the case. (ECF No. 20.)

Tosoh now moves to dismiss the Amended Complaint. (Mot., ECF No. 23.) Mr. Bonn responded in opposition (Resp., ECF No. 24), and Tosoh replied (Reply, ECF No. 25). For the reasons below, Tosoh's Motion is **GRANTED**.

I.     FACTUAL BACKGROUND

Mr. Bonn provides expanded factual allegations in his Amended Complaint. For purposes of the Motion to Dismiss, all well-pleaded factual allegations are taken as true. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016). The following summary draws from the allegations in the Amended Complaint.

Mr. Bonn was a machinist at Tosoh for two years, where he worked the weekend shift. Much of the Amended Complaint focuses on his friendship with a co-worker named Katelyn Simmons. Although Mr. Bonn refers to himself as a "results oriented old man," (*see* Am. Compl., PAGEID # 86) he does not state his age. He does allege that Ms. Simmons was eighteen when their friendship began. When someone complained to Tosoh HR about Mr. Bonn's interactions with Ms. Simmons, he was instructed not "to talk to Katelyn, acknowledge here or even say hi to Katelyn." (*Id.*, PAGEID # 81.)

During the same time period, a co-worker named Momodo Faye told Mr. Bonn that he "despised older men" and that he "didn't like God either." (*Id.*) Mr. Bonn "mentioned" Mr. Faye's conduct to Human Resources. (*Id.*) He informed HR that Mr. Faye was working against him and getting other employees to give him "the evil eye." (*Id.*) Mr. Bonn also reported his concerns about Mr. Faye's harassment to the CEO of Tosoh America. But Tosoh continued to assign Mr. Bonn and Mr. Faye to work in close proximity.

On February 12 and 13, 2022, Mr. Bonn left work early because he was afraid of Mr. Faye. HR suggested that he seek counseling for those missed days.

2

One month later, a co-worker reported to HR that Mr. Bonn was again talking to Ms. Simmons. Mr. Bonn was ordered off the premises pending an investigation. After thirty days on unpaid leave, Mr. Bonn was terminated on April 12, 2022. In Mr. Bonn's view, Tosoh had "obviously planned" to terminate him all along. (*Id.*, PAGEID # 91.)

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly,* 550 U.S. at 555.) In reviewing a motion to

dismiss, the Court "construe[s] the complaint in the light most favorable to the plaintiff[.]" *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

These standards apply equally when the plaintiff is *pro se*. Although a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

### III. ANALYSIS

The legal basis for Mr. Bonn's claims is still not entirely clear. Tosoh believes (and Mr. Bonn does not dispute) that the Amended Complaint asserts claims for defamation, discrimination and hostile work environment based on religion, sex, age, and/or disability, and retaliation. (Mot., PAGEID # 105; *see also* Resp.) The Court set out the elements of these claims in the October 11, 2023 Opinion and Order; there is no need to repeat them here.

#### A. Defamation

Mr. Bonn again fails to state a claim for defamation. The Amended Complaint does not identify the false or defamatory statement(s) that Mr. Bonn believes were made about him; who made them; to whom they were made; the efforts taken (or not) to determine their truth; or the effect they had on him.

Tosoh's motion to dismiss is **GRANTED** to the extent Mr. Bonn asserts a defamation claim.

### B.     Employment Discrimination – Disparate Treatment

The Amended Complaint superficially alleges that Mr. Bonn was subject to disparate treatment based on his religion, sex, and age. (*See* Am. Compl., PAGEID # 92.) But it fails to allege any facts demonstrating that he was treated less favorably than similarly situated employees of a different religion, sex, or age—Mr. Bonn neither identifies Tosoh employees who were treated better, nor describes how they were treated better.

Thus, Tosoh's motion to dismiss is **GRANTED** to the extent Mr. Bonn asserts a claim for disparate treatment.

### C.     Employment Discrimination – Hostile Work Environment

Mr. Bonn also failed to cure the deficiencies in his hostile work environment claim. (*See* Oct. 11 Order, PAGEID # 71.) The Amended Complaint does not allege facts supporting an inference that Mr. Bonn was subjected to severe or pervasive harassment—let alone that such harassment was because of a protected characteristic.

Tosoh's motion to dismiss is also **GRANTED** to the extent Mr. Bonn brings a hostile work environment claim.

### D.     Retaliation

Finally, Mr. Bonn does not state a claim for retaliation. Although the Amended Complaint provides more information on Mr. Bonn's HR complaints about Mr. Faye, it still fails to allege facts allowing an inference that the complaints opposed an unlawful employment practice.

5

Tosoh's motion to dismiss is **GRANTED** to the extent Mr. Bonn asserts a retaliation claim.

## IV. LEAVE TO AMEND

The Sixth Circuit has recognized that "when a motion to dismiss a complaint is granted, courts typically permit the losing party leave to amend." *Rashada v. Flegel*, 23-1674, 2024 WL 1367436, at *4 (6th Cir. Apr. 1, 2024) (quoting *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 698 (6th Cir. 2004), *abrogated on other grounds by Frank v. Dana Corp.*, 646 F.3d 954, 961 (6th Cir. 2011)). Even still, "whether to allow leave to amend is a decision within the discretion of the district court." *Brown v. Matauszak*, 415 F. App'x 608, 616 (6th Cir. 2011). A court does not generally abuse its discretion by "failing to grant a party leave to amend where such leave is not sought." *Id*. Mr. Bonn has already been granted, and taken advantage of, leave to amend his complaint against Tosoh. When that leave was granted, Mr. Bonn was advised of the requirements of Rule 8 and of the elements of his purported claims. He had ample opportunity to sufficiently allege those claims. He does not seek further leave to amend, and the Court is disinclined to allow it.

## V. CONCLUSION

Tosoh's Motion to Dismiss (ECF No. 23) is **GRANTED**. Mr. Bonn's claims are **DISMISSED with prejudice**. The Clerk is **DIRECTED** to **TERMINATE** this case.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE

6